UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE KURSAR, | No. 2:14-cv-0484 CKD |
| Plaintiff, | |
| v. | ORDER |
| MARIAH RESOURCES INC., et al., | |
| Defendants. | |

Plaintiff's petition to hold defendants in contempt of court came on regularly for hearing on September 9, 2015.  Justin Rodriguez appeared for plaintiff.  Wes Sage appeared for defendants.  Upon review of the documents in support and opposition, upon hearing the arguments of counsel and the testimony of defendants Cory Kasinger and James Kasinger, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims under the Fair Labor Standards Act ("FLSA") and the California Labor Code.  Plaintiff was employed in the human resources department of the defendant corporation.  Plaintiff alleges she did not timely receive pay checks, was misclassified as an "exempt" employee, was not always paid minimum wages or proper overtime compensation and did not receive meal and rest periods.  The complaint also alleges sexual harassment.

The parties attended a court supervised settlement conference in April, 2015.  The parties entered into a written settlement agreement, settling the matter for $118,500.  Under the terms of

the settlement agreement, a first installment of $40,000 was to be delivered to plaintiff's counsel on June 26, 2015.  The second and final installment of $78,500 was to be delivered to plaintiff's counsel on August 25, 2015.  The settlement agreement was signed by defendants Cory Kasinger and James Kasinger on May 6, 2015.

Having received no payment on the first installment, plaintiff moved to compel compliance with the settlement agreement.  By order filed July 31, 2015, defendants were ordered to make immediate payment of the first installment and were cautioned that failure to pay within three days would result in contempt proceedings.  The court also ordered payment of $5,222.40 in attorneys' fees.  To date, no sums have been paid to plaintiff under the terms of the settlement agreement nor have any attorneys' fees been paid.

Defendants have failed to comply with the court's order to pay the first installment required under the settlement agreement.  Defendants' failure to comply with the order is considered to be an indirect contempt.  Because plaintiff seeks compliance with the settlement, the procedures for indirect civil contempt are applicable to the instant petition.  See UMWA v. Bagwell, 512 U.S. 821, 831 (1994) (court looks to character and purpose of the sanction involved; contempt sanction considered to be civil if it is remedial and for the benefit of the complainant; criminal if it is punitive, to vindicate authority of the court).  Civil contempt sanctions may be imposed in an ordinary civil proceeding upon notice and opportunity to be heard.  Defendants were personally served with the order requiring their attendance at the contempt hearing and have testified.  Neither a jury trial nor proof beyond a reasonable doubt is required.  Id.; see also United States v. City of Jackson, Miss., 359 F.3d 727, 731 (5th Cir. 2004) ("clear and convincing" standard of proof in civil contempt cases); Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992).  In this case, an order to comply with the settlement agreement was in effect, the order required specified conduct by defendants, and defendants failed to comply with the court's order.  Plaintiff has established by clear and convincing evidence that defendants are in contempt of court.

The remaining issue is the appropriate sanction.  Where the contempt consists of failure to perform an act with the contemnor's power to perform, he may be fined or imprisoned until he

agrees to comply with the order. In determining the appropriate sanction in this matter, the court has considered the following factors: the harm from noncompliance, the probable effectiveness of the sanction, the contemnor's financial resources and the burden the sanctions may impose, and the contemnor's willfulness in disregarding the court's order. See General Signal Corp. v. Donallco, Inc., 787 F.3d 1376, 1380 (9th Cir. 1986) (record of the contempt hearing must reflect consideration of these factors in imposing a civil contempt sanction). Because the purpose of sanctioning civil contempt is to coerce compliance with the court's order rather than punish disobedience, the court is obliged to use the "least possible power adequate to the end proposed." Spallone v. United States, 493 U.S. 265, 280 (1990). Upon hearing the testimony of defendants Cory Kasinger and James Kasinger, the court has determined that the appropriate way to proceed is to allow defendants a very limited further amount of time to comply with the settlement agreement. The court finds that defendants have the financial resources to comply with the payment schedule as set forth below.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Cory Kasinger and James Kasinger are held in contempt of court for failing to comply with the order filed July 31, 2015.

2. Attorneys' fees and costs incurred in connection with the instant petition are awarded to plaintiff against defendants in the amount of $1,259.90.

3. No later than close of business on September 15, 2015, defendants shall provide to plaintiff up to date financial documents regarding the year to date cash flow of defendant Mariah Resources, Inc., including, but not limited to, balance sheets, bank statements, accounts receivable, and other documents which can verify the testimony by defendant Cory Kasinger regarding the net cash flow and the percentages of net cash flow paid to the factoring company.

4. No later than September 18, 2015 at 2:00 p.m., defendants shall pay $40,000 to plaintiff pursuant to the terms of the settlement agreement. Defendants shall also at that time pay the attorneys' fees previously awarded to plaintiff in the amount of $5,222.40 and the $1,259.90 awarded on the instant petition. If defendants fail to timely pay the sums due, plaintiff's counsel shall notify the undersigned's courtroom deputy.

5. No later than October 19, 2015 at 2:00 p.m., defendants shall pay $78,500 to plaintiff pursuant to the terms of the settlement agreement.  If defendants fail to timely pay the sum due, plaintiff's counsel shall notify the undersigned's courtroom deputy.

6. No later than October 19, 2015 at 2:00 p.m., defendants shall also pay interest on the unpaid sums due under the settlement agreement at the rate of ten percent (10%) per annum accruing as of the date of the breach and continuing thereafter until payment is made.

7. Defendants are cautioned that failure to comply with this order shall result in their immediate confinement until compliance is made.

8. Defendants' counsel is directed to personally serve a copy of this order on defendants and to file a statement of compliance no later than September 14, 2015 indicating that the order has been personally served on defendants.

Dated:  September 9, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 kursar0484.cont.oah